UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES | : | |
|---|---|---|
| v. | : | Case No. 09-cr-243 (GK) |
| MICHAEL M. MONZEL,<br>Defendant. | : | |

## MEMORANDUM OPINION

Petitioner is Michael Monzel, an inmate incarcerated in a federal prison pursuant to his 2010 guilty plea to child pornography charges. See Judgment as to Michael M. Monzel ("Judgment") [Dkt. No. 26]. Mr. Monzel now seeks to vacate that conviction under 28 U.S.C. § 2255. Petition for Writ of Habeas Corpus ("Petition") [Dkt. No. 116]. Mr. Monzel argues that his conviction should be vacated because: (1) this Court was without authority to enter the conviction; and (2) his attorney provided him with ineffective assistance, thereby violating his right to counsel guaranteed by the Sixth Amendment. See generally id. Mr. Monzel has also requested that the court hold an emergency hearing on his Petition, Expedited Mot. for an Emergency Hearing ("Motion for Emergency Hearing") [Dkt. No. 124], and he has filed a number of other miscellaneous motions related to his Petition, described in greater detail below. The Government opposes Mr. Monzel's Motion for Emergency Hearing. Opposition [Dkt. No. 127]. After consideration of the Petition, the Motion for Emergency Hearing, the Opposition, and the Reply[1] [Dkt. No. 130], and the entire record herein, Mr. Monzel's Petition, Motion for Emergency Hearing, and other related, miscellaneous motions will be denied.

---

[1] Though titled a "Response," Mr. Monzel's motion is in fact a Reply to the Government's Opposition.

I.  **BACKGROUND**

Mr. Monzel was indicted on one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) on September 24, 2009. [Dkt. No. 1]. At a hearing held on October 21, 2009, Magistrate Judge Robinson appointed David Bos, an attorney with the Federal Public Defender for the District of Columbia, as Mr. Monzel's counsel. Then on December, 8, 2010, a superseding information was filed, charging Mr. Monzel with one count of possessing material constituting or containing child pornography in violation of 18 U.S.C. 2252(a)(4)(B) in addition to the distribution charge contained in the original indictment. [Dkt. No. 8]. On December 10, 2009, the Court held a plea hearing at which Mr. Monzel pled guilty to both the distribution of child pornography charge and the possession of child pornography charge.

On May 25, 2010, the Court sentenced Mr. Monzel to 120 months incarceration, to be followed by 120 months of supervised release. Judgment at 3-4. After additional briefing, the Court also ordered Mr. Monzel to pay $5,000 in nominal restitution to each of the victims, "Amy" and "Vicky." Restitution Order [Dkt. No. 50].

Subsequently, Mr. Monzel appealed certain aspects of his sentence. As a result, the Court ultimately modified the award of restitution for Amy, awarding her $7,500. Order Granting the Government's Supplemental Motion for Restitution ("Second Restitution Order") [Dkt. No. 115]. Mr. Monzel is currently appealing the Second Restitution Order. [Dkt. No. 117]. Additionally, the Court modified the terms of the special conditions of supervised release to conform to a proposed agreement jointly submitted by Mr. Monzel and the Government. Amended Judgment as to Michael M. Monzel (May 3, 2017).

Prior to filing this latest appeal challenging the Second Restitution Order, Mr. Monzel filed his Petition on September 16, 2016. Though styled as a petition for writ of habeas corpus, Mr. Monzel subsequently filed a Motion for Emergency Hearing, which makes clear that his Petition seeks relief under 28 U.S.C. § 2255. See Motion for Emergency Hearing at 1 (describing the Petition as request for relief under 28 U.S.C. § 2255). Mr. Monzel has also filed numerous motions seeking to: have the Government produce documents, [Dkt. Nos. 120, 122, and 123]; serve requests for admissions on the Government, [Dkt. No. 121]; compel responses from the Government, [Dkt. Nos. 129 and 131]; and have the Court issue an expedited ruling on all of the above motions, [Dkt. No. 132]. The Government filed an Opposition to Mr. Monzel's Motion for Emergency Hearing, arguing that the arguments raised in his Petition are meritless and that the Petition may be denied without holding any hearing. Opposition at 1. Mr. Monzel then filed a Reply to the Government's Opposition.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed "in violation of the Constitution or laws of the United States," or any sentence that "the court was without jurisdiction to impose," or that is "in excess of the maximum authorized by law," or is "otherwise subject to collateral attack." 28 U.S.C. § 2255. It is the prisoner's burden to prove her allegations by a preponderance of the evidence. See United States v. Simpson, 475 F.2d 934, 935 (D.C.Cir.1973). A challenge under Section 2255 requires the prisoner to show a "good deal more than would be sufficient on a direct appeal from his sentence." United States v. Pollard, 959 F.2d 1011, 1020 (D.C. Cir. 1992).

Section 2255 authorizes the Court to hold a hearing to consider a prisoner's claims, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "[N]o hearing is required where [her] claims are 'vague, conclusory, or palpably incredible.'" Pollard, 959 F.2d at 1031 (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)). Additionally, where a prisoner "has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion" summary disposition of the 2255 motion without a hearing is also appropriate. United States v. Taylor, 139 F.3d 924, 933 (D.C. Cir. 1998); see also United States v. Smith, 1998 WL 939501, *2 (D.C. Cir. 1998) (upholding denial of motion without evidentiary hearing when defendant provided no factual support in support of motion).

The decision whether to hold a hearing is committed to the court's discretion, particularly when the court reviewing the motion presided over the criminal proceeding at issue. See United States v. Morrison, 98 F.3d 619, 625 (D.C. Cir.1996), cert. denied, 520 U.S. 1131 (1997); United States v. Sayan, 968 F.2d 55, 66 (D.C. Cir. 1992) (upholding summary denial of § 2255 proceeding in part because the same judge who presided over the original proceedings ruled on the § 2255 motion).

### III. ANALYSIS

#### A. Legal Issues

Mr. Monzel raises a number of arguments as to why the Court should vacate his conviction; several raise pure questions of law. For example, he argues: (1) that the United States is an "improper party plaintiff" without authority to prosecute him, Petition at 4-5; (2) that the Court lacked jurisdiction to hear his case, Petition at 22-53; (3) that his sentence constitutes cruel and

unusual punishment in violation of the Eighth Amendment, Petition at 54-55; (4) that the victims—"Amy" and "Vicky"—lacked standing to participate as interested parties in this prosecution, Petition at 6-7; (5) that the United States Code is not law, and therefore, that his conviction for violating provisions of the United States Code is unlawful, Petition at 12-15; (6) that the grand jury that indicted him was improperly convened, and therefore, that his indictment was "fraudulent," Petition at 15-20; (7) that he was not charged with the violation of any Act of Congress, and therefore, was improperly detained in violation of the Non-detention Act of 1971, 18 USC § 4001, Petition at 20-22; and (8) that the U.S. Attorneys who prosecuted him had a conflict of interest because they were eligible for performance bonuses, which created an incentive to convict him regardless of his actual guilt or innocence, Petition at 53-54.[2]

All of these arguments are meritless. Here are just a few examples. Mr. Monzel argues that the United States is an improper party plaintiff because it lacks Article III standing to prosecute crimes. That is simply not correct. "As sovereign, the United States has standing to prosecute violations of valid criminal statutes." United States v. Daniels, 48 F. App'x 409, 418 (3d Cir. 2002); see also United States v. Wright, 2010 WL 4628529, at *4 (N.D. Ohio Nov. 5, 2010).

Additionally, he asserts that this Court lacked jurisdiction to hear his case. But 18 U.S.C. § 3231 expressly grants the Court such jurisdiction stating, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Mr. Monzel devotes some thirty pages of his Petition citing to various versions of bill text and legislative history in an attempt to show that the statute which

---

[2] Mr. Monzel's petition contains a plethora of subsidiary arguments that are too numerous to list.

enacted this jurisdictional grant, An Act To revise, codify, and enact into positive law, Title 18 of the United States Code, entitled "Crimes and Criminal Procedure," 80 P.L. 772 (1948), did not comply with the constitutional requirements of enactment and presentment. See U.S. Const. art I, § 1 and § 7, cls. 2, 3; Indep. Ins. Agents of Am., Inc. v. Clarke, 965 F.2d 1077, 1078 (D.C. Cir. 1992) ("Legislation only comes into existence through bicameral congressional enactment and presentment to the President of the United States."). Such an argument is squarely foreclosed by Marshall Field & Co. v. Clark, 143 U.S. 649 (1892). See e.g. Public Citizen v. United States Dist. Court for Dist. Of Columbia, 486 F.3d 1342, 1349-50 (2007) (the "Enrolled Bill Rule" established in Marshall Field precludes such challenges).

As a final example, Mr. Monzel argues that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. But such a challenge cannot be brought under Section 2255. Kett v. United States, 722 F.2d 687, 690 (11th Cir. 1984) (prisoner's claim that his sentence was cruel and unusual and violated the Eighth Amendment "is insulated from section 2255 review."); United States v. Grene, 455 F.2d 376, 377 (5th Cir. 1972) (a "court has no authority to review the length of prisoner's sentence" under section 2255 where it falls within the statutory range).

Ultimately, all of these arguments raise purely legal questions and, because they are wholly without merit, the Court will dismiss them without holding the discretionary hearing provided for in 28 U.S.C. § 2255(b). Berry v. United States, 884 F. Supp. 2d 453, 457 (E.D. Va. 2012) ("if the motion can be resolved exclusively on issues of law, and no questions of fact exist, then summary dismissal is appropriate without an evidentiary hearing.").

### B. Ineffective Assistance of Counsel

Mr. Monzel also claims that his attorney, Mr. Bos, provided him with constitutionally ineffective assistance.

Claims of ineffective assistance of counsel are governed by the two-part test set forth in Strickland v. Washington. 466 U.S. 668 (1984). Under the first prong of Strickland, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (internal quotation marks omitted). Under the second prong, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation marks omitted).

The Strickland test applies "in the plea bargain context." Missouri v. Frye, 566 U.S. 133, 140 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985)); see also Padilla [fill in remainder of citation]. The second Strickland requirement of prejudice "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 at 59.

Mr. Monzel argues that there were three deficiencies in Mr. Bos' handling of his case. First, he alleges that Mr. Bos lacked a valid "license" to practice law. Petition at 1-3. Second, he alleges that Mr. Bos failed to properly advise him on the nature of the legal process and the penalties he might face as a result of pleading guilty. Petition at 2. Finally, he alleges that Mr.

Bos failed to research relevant legal issues. Petition at 3-4. All of these arguments fail and can be disposed of without a hearing.

### 1. Lack of "License"

Mr. Monzel claims that Mr. Bos was not licensed to practice law in the District of Columbia during the course of his representation, but that allegation is flatly contradicted by Mr. Monzel's own evidence. In the exhibits to his Petition, Mr. Monzel has submitted numerous documents that demonstrate that Mr. Bos was a member in good standing of the District of Columbia Bar at the time he represented Mr. Monzel. Mr. Monzel submitted: (1) a letter dated December 12, 2011, from Elizabeth A. Herman, Deputy Bar Counsel for the District of Columbia asserting that Mr. Bos has been an active member of the Bar since 1989, Exh. B-6 [Dkt. No. 116-1]; (2) a copy of Mr. Bos' membership card for the District of Columbia Bar, Exh. B-15a [Dkt. No. 116-1]; and (3) a Certificate of Good Standing from the Clerk of the Court of the District of Columbia Court of Appeals, dated March 29, 2013, stating that Mr. Bos has been a member in good-standing since November 15, 1989, Exh. 15-b [Dkt. No. 116-1].

Ultimately, Mr. Monzel has nothing but his own "naked assertions" to support this claim—assertions that are directly contradicted by his own evidence—and he therefore cannot demonstrate that Mr. Bos provided him with constitutionally ineffective assistance on this basis. See Taylor, 139 F.3d at 933.

### 2. Improper Advice

Mr. Monzel argues that Mr. Bos failed to provide him proper advice. For example, Mr. Monzel argues that Mr. Bos never explained the legal process to him, never informed him about the possibility of third parties seeking restitution, never explained any legal avenues available to

him or the risks he was exposed to, and that Mr. Bos told him he would receive a sentence of between five and seven years. Petition at 2.

A review of the written plea agreement and the plea proceedings, however, reveals that Mr. Monzel's claims are palpably incredible. The written plea offer sets out the applicable penalties, including both the statutory sentencing range, the possibility that the court could enter "any sentence" within the statutory range, and the requirement that the Court could order restitution. Plea Agreement, Exh. B to Response [Dkt. No. 127-2]. In the written plea agreement, Mr. Bos affirmed that he read the agreement, reviewed it with Mr. Monzel, and discussed it with him fully. Id. Mr. Monzel affirmed the same. Id.

On December 10, 2009, the Court held a plea hearing. At the outset of the hearing, Mr. Monzel was placed under oath. He stated that he was not under the influence of any drugs or alcohol, and that he had "[b]etween eight and nine years" of education after high school. See Hearing Transcript, December 10, 2009, Exh. A. to Response ("December 10 Plea Hearing Tr.") at 9-12 [Dkt. No. 127-2].

The Court then discussed with Mr. Monzel each and every item that he now complains about. Mr. Monzel stated that he read the written plea agreement. December 10 Plea Hearing Tr. at 19. He also confirmed that he "had enough time to talk with [his attorney], to explore the facts . . . to discuss the law, and to really evaluate whether [he] should go through with this plea today." Id. at 12. Mr. Monzel was also asked, more than once, whether he had any questions for his attorney or the Court before entering into the plea agreement, and he stated that he did not. Id. at 29, 32.

And while Mr. Monzel now claims that he was unware of the possibility that his victims could seek restitution, the Court twice informed him that it "could order restitution." December 10 Plea Hearing Tr. at 21, 27-28. Similarly, during the plea proceeding, the Court discussed sentencing in great detail. Id. at 19-23. In particular, the Court informed Mr. Monzel of the most severe sentence that it could impose under the statute. Id. at 20-23. When asked by the Court, Mr. Monzel indicated that he understood. Id. The Court also made clear that it was not bound by the plea agreement. Id. at 26-27. Mr. Monzel again stated that he understood. Id. at 27. The Court also directly asked Mr. Monzel whether anybody tried to tell him what his sentence would be in this case, to which he replied, "No, Your Honor." Id. at 32.

Therefore, Mr. Monzel cannot demonstrate that he was prejudiced by Mr. Bos' allegedly deficient performance, because the record indicates that Mr. Monzel was fully informed of the consequences of his plea. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (noting the "strong presumption of verity" that attaches to a defendant's statements in open court). No prejudice exists, where the record demonstrates that the Court advised the defendant of the consequences of his plea, that the defendant understood the Court's advice, and nonetheless went forward with the plea. See e.g. United States v. Oladokun, 905 F. Supp. 2d 310, 313–14 (D.D.C. 2012) (petitioner cannot show prejudice where "the record reflects that he was made aware of the [consequences of his plea] by his attorney (and also the Court), yet he pleaded guilty in any event.); United States v. Sparks, 191 F. Supp. 3d 120, 129 (D.D.C. 2016) (petitioner cannot demonstrate that attorney's promise of a particular sentence was prejudicial "because the record clearly shows that the defendant was advised by the Court and understood that he could be sentenced to up to forty years in prison"). Indeed, there is not a single word in Mr. Monzel's Petition that even suggests that he

would have elected to go to trial had Mr. Bos given him different advice. See Hill, 474 U.S. at 60 (holding that the petitioner could not show prejudice where "Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial.").

Under these circumstances, it is simply not credible that Mr. Monzel would have opted to go to trial had his lawyer performed differently, and therefore the "motion and the files and records of the case conclusively show that [he] is entitled to no relief." See 28 U.S.C. § 2255(b).

### 3. Failure to Do Research

Finally, Mr. Monzel claims that Mr. Bos failed to research any of the legal issues that form the basis of his challenge to his conviction, discussed in III.A, *supra*. Petition at 3-4. Had Mr. Bos done the legal research that Mr. Monzel suggests was necessary, he too would have discovered that these arguments are wholly without merit and would have advised Mr. Monzel accordingly. Mr. Monzel cannot credibly demonstrate that having been so advised, he would have chosen to go to trial. Therefore, Mr. Bos' failure to research those issues could not have prejudiced Mr. Monzel.

## IV. CONCLUSION

Mr. Monzel's Petition consists of claims that are "vague, conclusory, or palpably incredible," Pollard, 959 F.2d at 1031, or simply "naked assertions" without any evidentiary support. Taylor, 139 F.3d at 933. The "motion and the files and records of the case conclusively show that [he] is entitled to no relief," 28 U.S.C. § 2255(b). Therefore, the Court will deny his Petition to vacate his conviction without holding a 2255(b) hearing, and will also deny his Motion for Emergency Hearing as well as the miscellaneous motions he has filed pursuant to his Petition.

May 2, 2017

*Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF